Dawn McCraw, OR #192645
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorney for Plaintiff*
*Daniel Boaz*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| DANIEL BOAZ,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST BANK & TRUST, d/b/a MERCURY CARD SERVICES,<br><br>    Defendant. | Case No. 6:21-cv-00084<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*<br>2. OR. REV. STAT. 646.639 et seq.,<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Daniel Boaz ("Plaintiff"), by and through his attorneys, alleges the following against First Bank & Trust, d/b/a Mercury Card Services ("Defendant)

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded

messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Oregon Fair Debt Collection Practices Act ("OFDCPA"), OR. REV. STAT. § 646.639 et seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy—Intrusion upon Seclusion, as derived §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns…that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. §1331.

2. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Plaintiff is a citizen of Oregon, and Defendant is a citizen of South Dakota.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

1. Plaintiff is a natural person residing in the city of Dexter City, Lane County, Oregon.

2. Plaintiff is a "debtor" as defined by OR. REV. STAT. § 646.639 (i).

3. Defendant is a banking institution and often issues credit cards to consumers. Its principal place of business is located at 520 6th Street, Brookings, SD 57006 and can be served at its registered agent at 110 N Minnesota Ave, Sioux Falls, SD 57104.

4. Defendant is also one who enforces or attempts to enforce an obligation that is owed or alleged to be owed, to a creditor, by a consumer as a result of a consumer transaction. Thus, Defendant is a "debt collector" as defined by OR. REV. STAT. § 646.639 (h).

5. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. Defendant is attempting to collect on one or more alleged debts from Plaintiff.

2. Due to Covid-19, Plaintiff's work schedule has been modified and his hours have been reduced, leading to financial hardship. Plaintiff and his wife have also been paying back owed taxes, which has set them behind financially.

3. Upon information and belief, Defendant was informed of Plaintiff's financial hardship.

4. In or around May of 2020, Defendant began calling Plaintiff on his cellular phone ending in 0645.

5. Defendant or its agents called Plaintiff from the following numbers: (866) 686-2158; (503) 961-9019; (503) 961-9051; (503) 961-9052; (503) 961-9020; (503) 916-9050; and (833) 306-0710.

6. Upon information and belief, Defendant and or its agents own and operate these phone numbers.

7. On or about June 2, 2020, at 10:58 am, Plaintiff received a phone call from (866) 686-2158 and spoke with representative.

8. After answering the call, Plaintiff noticed a short pause before Defendant's representative began speaking, consistent with the use of an automatic dialing system.

9. During the call Plaintiff explained that he was going through a financial hardship and did not have any money to make a payment at the time. He also unequivocally revoked consent to be contacted any further on his cellular phone by Defendant.

10. Despite expressly revoking consent Plaintiff continued to receive phone calls from Defendant.

11. On or about June 28, 2020 at 12:11 pm, Plaintiff received a phone call from (503) 961-9051 and, after experiencing a delay, spoke with a representative. Plaintiff once again unequivocally revoked consent to be contacted on his cell phone any further.

12. On or about July 2, 2020 at 4:45 pm, Plaintiff received a phone call from (503) 961-9052 and, after experiencing a delay, spoke with a representative. For the third time, Plaintiff unequivocally revoked consent to be contacted on his cell phone any further.

13. Despite his third request for Defendant to stop calling him, he continued to be harassed by calls from Defendant.

14. Defendant bombarded Plaintiff with calls virtually every day, up to eight (8) times per day.

15. Between June 2, 2020 and November 31, 2020, Defendant willfully called Plaintiff's cell phone approximately **three-hundred and twenty (320)** times to annoy and harass Plaintiff in the hopes that it could induce him to pay the debt.

16. Plaintiff would usually receive calls four to eight times a day from Defendant, indicating the use of an automated telephone dialing system.

17. For example, on November 11, 2020, November 12, 2020, and November 18, 2020 Defendant called Plaintiff eight times.

18. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, further indicating the use of an automatic telephone dialing system.

19. Upon information and belief, Defendant also left pre-recorded or artificial voice messages for Plaintiff on Plaintiff's voicemail.

20. Upon information and belief, Defendant called third parties to attempt to collect a debt from Plaintiff.

21. Upon information and belief, Defendant is familiar with the TCPA and OFDCPA.

22. Defendant's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt or pay more than he was able to.

23. Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained why he could not repay Defendant and on multiple occasions expressly revoked consent to be called.

24. Due to Defendant's actions, Plaintiff has suffered emotional distress, mental anguish- including sleepless nights, anxiety, invasion of privacy, and actual damages.

## FIRST CAUSE OF ACTION
## TCPA, 47 U.S.C. §227 et seq

25. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) of this Complaint as though fully stated herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action on multiple occasions, Defendant violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any reason within the United States…to make any call (other than a call made for emergency purposed or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. §227, Plaintiff is entitled to an aware of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227 (b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated TCPA, Plaintiff is entitled to an award of one thousand five

hundred dollars ($1500.00), for each and every violation pursuant to 47 U.S.C. §227 (b)(3).

## SECOND CAUSE OF ACTION
## OFDCPA, OR. REV.STAT. §646.639 et seq

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) of this Complaint as though fully stated herein.

29. Defendant violated the OFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated OR. REV.STAT. § 646.639(2)(e) by "communicat[ing] with the debtor…repeatedly or continuously or at times known to be inconvenient to that person with intent to harass or annoy the debtor…"

30. Defendant's acts, as described above, were done intentionally with the purpose of annoying or harassing the Plaintiff enough to pay the alleged debt she could not afford.

31. As a result of the foregoing violations of the OFDCPA, Defendant is liable to Plaintiff for actual damages or statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## INTRUSION UPON SECLUSION

32. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) of this Complaint as though fully stated herein.

33. Restatement of the Law, Second, Torts, §652(b) defines intrusion upon seclusion as, "one who intentionally intrudes…upon the solitude or seclusion of another, or his privacy, if the intrusion would be highly offensive to a reasonable person."

34. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER OF RELIEF**

**WHEREFORE,** Plaintiff Daniel Boaz, respectfully requests judgment be entered against Defendant Mercury for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

C. Statutory damages $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3);

D. Actual damages pursuant to OR. REV. STAT. § 646.641(1);

E. Statutory damages of $200.00 pursuant to the OR. REV. STAT. §646.641(1);

F. Punitive damages pursuant to OR. REV. STAT. §646.641(1);

G. Costs and reasonable attorneys' fees pursuant to the OR. REV. STAT. §646.641(2);

H. Awarding Plaintiff any pre-judgment and post-judgement interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 20th day of January 2021.

By: */s/ Dawn McCraw*
Dawn McCraw, OR #192645
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorney for Plaintiff*
*Daniel Boaz*