IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DANIEL BOAZ, | Civ. No. 6:21-cv-00084-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| FIRST BANK & TRUST, dba MERCURY CARD SERVICES, et al. | |
| Defendants. | |

AIKEN, District Judge.

This matter comes before the Court on Plaintiff's Emergency Motion to Stay, ECF No. 79. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

The movant bears the burden of showing that a stay is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). When considering a motion to stay, courts weigh three competing interests: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity that a party may suffer if required to go forward; and (3) whether the stay simplifies or complicates the issues, proof, and questions of law. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). In considering a motion to stay, courts exercise

their inherent power to control their dockets in a manner that promotes the efficient use of judicial resources. *Dependable Hwy. Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). But if the moving party fails to show that it will suffer a "hardship or inequity" and there is even a "fair possibility" that the nonmoving party will suffer damage, a stay may be inappropriate, regardless of the court's desire to control its docket. *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

In this case, Plaintiff seeks to stay further briefing on the pending motions for summary judgment because Plaintiff believes that a recent decision of the Ninth Circuit, *Borden v. eFinancial, LLC*, No. 21-35746, ___F.4th___, 2022 WL 16955661 (9th Cir. Nov. 16, 2022), was wrongly decided. Plaintiff affirms that the *Borden* decision is dispositive of Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA").

Plaintiff believes that *Borden* will be appealed and seeks a stay of this case for thirty days to see if a petition for writ of certiorari will be filed in the *Borden* case. If a petition is filed, then presumably Plaintiff will seek to extend the stay until the Supreme Court decides whether to accept the petition and, if it does, Plaintiff would seek to further extend the stay until the Supreme Court issues its decision.

If no petition is filed, Plaintiff indicates that he will argue in his briefing on the motion for summary judgment that *Borden* was wrongly decided.

Plaintiff's request for a stay is based on a nested series of contingent possibilities which could extend the duration of the stay by years. This does not promote an efficient use of judicial resources. With respect to the competing interests implicated by the requested stay, the Court concludes that Plaintiff has not met his burden. "As a general matter, having to litigate is not itself a hardship warranting the stay of the case." *McKay v. DHM Research, Inc.*, No. 6:20-CV-01249-MC, 2020 WL 8484796, at *1 (D. Or. Dec. 11, 2020). Plaintiff may make whatever arguments he feels are necessary to preserve his objections to *Borden* decision, but the Court will not stay this case on the speculative possibility that a petition for cert in another case might be filed and that the petition might be accepted by the Supreme Court and that such an acceptance might result in a ruling more favorable to Plaintiff.

In sum, the Court concludes that Plaintiff has failed to carry his burden on the requested stay and the motion is DENIED.

## CONCLUSION

Plaintiff's Emergency Motion for Stay, ECF No. 79, is DENIED.

It is so ORDERED and DATED this \_\_\_1st\_\_\_ day of December 2022.

/s/Ann Aiken
ANN AIKEN
United States District Judge